**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                       No. CV-05-0907 JP/LFG
                                                                CR-04-668 JPP

LEROY CARL MANN,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 2255 R.4(b), for preliminary review of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 32) filed August 24, 2005. *See* 28 U.S.C. § 2255 R.4(b). Defendant pled guilty to one count of an indictment charging him with using, carrying and possessing[1] firearms in relation and in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). On October 20, 2004, the Court entered judgment against Defendant, sentencing him to an 84-month prison term. Defendant did not appeal his conviction or sentence. He now asserts two claims of illegal sentence.

      Defendant first invokes the Supreme Court's recent decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. The defendant in *Booker* brought constitutional claims against his sentence under the United States Sentencing Guidelines. The Court applied the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in

---

[1] In contrast to this charge in the indictment, the statute's proscriptions are disjunctive. *See* 18 U.S.C. § 924(c)(1)(A) ("who . . . uses or carries . . . or possesses. . . .").

determining that a sentence greater than the applicable Guidelines offense level must be based on facts that are admitted or found by a jury beyond a reasonable doubt. *See Booker*, --- U.S. at ---, 125 S. Ct. at 756. The Court also declared the mandatory application of the Guidelines unconstitutional. --- U.S. at ---, 125 S. Ct. at 764.

The *Booker* decision is not available to Defendant on collateral review of his sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *and see United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). For purposes of retroactivity analysis, the decision in *Booker* merely applies the previously announced rule from *Apprendi*, *see Booker*, --- U.S. at ---, 125 S. Ct. at 756, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Bellamy*, 411 F.3d at 1188. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under the *Booker* decision, and the Court will dismiss this claim.

Defendant's second claim is that he was wrongly convicted of using firearms. He contends that, because he showed the bank teller that his pistols were unloaded, they were "inert" and could not have been "used" for purposes of the statute. Even assuming, for purposes of this order only, that Defendant's "use" argument has merit,[2] he concedes that he possessed the weapons and does not deny that he carried them. Where, as here, even though the indictment charged Defendant in the conjunctive ("used, carried and possessed firearms"), because Defendant pled guilty, "it [was] necessary only that the court 'mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea.' " *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) (citing Fed. R. Crim. P.

---

[2] There is, of course, no merit to this argument. The statute contains no requirement that a firearm be loaded, nor any exception for an unloaded firearm.

11(f); *United States v. Blair*, 54 F.3d 639, 643 (10th Cir. 1995)).  Defendant concedes an abundant factual basis for his guilty plea, and he was properly convicted of violating § 924(c)(1)(A)(ii).  This claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 32) filed August 24, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE